**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| JOHN BERMAN, § | |
| § | |
| *Plaintiff,* § | |
| § | Civil Action No. _____ |
| v. § | |
| § | JURY TRIAL DEMANDED |
| DIRECTV, LLC and AT&T, INC. § | |
| § | |
| *Defendants.* § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff John Berman ("Plaintiff" or "Berman") files this Complaint asserting claims for patent infringement against Defendants DIRECTV, Inc. ("DIRECTV") and AT&T, Inc. ("AT&T"), and alleges as follows:

**PARTIES**

1. Plaintiff John Berman ("Berman") is an individual and resides in the state of Washington with a residential mailing address at P.O. Box 831, Richland, Washington 99352.

2. Upon information and belief, Defendant DIRECTV is a limited liability company organized and existing under the laws of the State of California, with its principal place of business located at 2260 E. Imperial Highway, Fl. 10, El Segundo, California 90245-3501. DIRECTV may be served with process through its registered agent for service of process CT Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

3. Upon information and belief, DIRECTV is a wholly owned subsidiary of AT&T.

4. Upon information and belief, AT&T is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 208 S. Akard St.,

Dallas, Texas 75202.  AT&T may be served with process through its registered agent for service of process CT Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

5. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 et seq. and 281-285.

6. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Upon information and belief, Defendants DIRECTV and AT&T are subject to the specific personal jurisdiction of this Court, because Berman's claims for patent infringement against Defendants, asserted below, arise from Defendants' acts of infringement in the State of Texas. These acts of infringement include making, using, selling, and/or offering for sale infringing products in the State of Texas, as well as placing infringing products into the stream of commerce through an established distribution channel with full awareness that substantial quantities of the products have been shipped into the State of Texas and then used and/or sold in the State of Texas in an infringing manner.  Upon information and belief, Defendants DIRECTV and AT&T have also operated an interactive website facilitating the infringing use and sale of products in the State of Texas. Therefore, this Court has personal jurisdiction over the Defendants DIRECTV and AT&T under the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE §17.042.

8. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). Upon information and belief, Defendants DIRECTV and AT&T have engaged in acts of infringement in the State of Texas described above sufficient to subject Defendants to personal jurisdiction in this District if the district were a separate State.

## ASSERTED PATENTS

9. On June 4, 1996, the United States Patent and Trademark Office issued United States Patent No. 5,523,791 ("the '791 patent") entitled "Method and Apparatus for Applying Overlay Images," a true copy of which is attached as Exhibit 1.

10. On March 11, 1997, the United States Patent and Trademark Office issued United States Patent No. 5,610,665 ("the '665 Patent") entitled "Interactive Television Graphics Interface," a true copy of which is attached as Exhibit 2.

11. Berman is the owner of the Asserted Patents and owns all right, title, and interest in the Asserted Patents, including the right to sue for and recover all past, present, and future damages for infringement of the Asserted Patents.

## ACCUSED INSTRUMENTALITIES

12. Defendant DIRECTV has made, used, imported, offered for sale, and/or sold, within the United States, certain apparatus, products, and components thereof, including interactive television graphics apparatus, apparatus for inserting an overlay image onto a background video image, and apparatus for distorting a video image. These apparatuses include devices such as satellite receivers and digital video recorders, and are referred to herein as the "DIRECTV Accused Instrumentalities." The DIRECTV Accused Instrumentalities also perform methods of interacting with a video image, methods of inserting an overlay image onto a background video image, and methods of distorting a video image, including those available by and through its website https://www.directv.com and its related webpages that infringed the Asserted Patents.

13. Defendant AT&T has made, used, imported, offered for sale, and/or sold, within the United States, certain apparatus, products, and components thereof, including interactive television graphics apparatus, apparatus for inserting an overlay image onto a background video

image, and apparatus for distorting a video image. These apparatus include devices such as television receivers and digital video recorders, and are referred to herein as the AT&T Accused Instrumentalities." The AT&T Accused Instrumentalities also perform methods of interacting with a video image, methods of inserting an overlay image onto a background video image, and methods of distorting a video image, including AT&T Uverse brand products and those available by and through its websites https://www.att.com, https://www.att.com/shop/tv/u-verse.html and its related webpages that infringed the Asserted Patents.

14. Together the DIRECTV Accused Instrumentalities and the AT&T Accused Instrumentalities are collectively referred to herein as the "Accused Instrumentalities."

**FIRST CLAIM FOR RELIEF**
**(Infringement of the '791 Patent)**

15. Berman incorporates paragraphs 1 through 14 as though fully set forth herein.

16. Upon information and belief, Defendants DIRECTV and AT&T have directly infringed one or more claims of the '791 Patent by making, using, importing, offering for sale, and/or selling, within the United States, the Accused Instrumentalities in violation of 35 U.S.C. § 271(a).

17. More particularly, and without limitation, upon information and belief, Defendants DIRECTV and AT&T have directly infringed one or more claims of the '791 Patent by making, importing, using (including use for testing purposes), offering for sale, and/or selling the Accused Instrumentalities, all in violation of 35 U.S.C. § 271(a). The Accused Instrumentalities include one or more of the apparatus for inserting an overlay image onto a background video image, apparatus for distorting a video image, and the Accused Instrumentalities also comprise methods of interacting with a video image, methods of inserting an overlay image onto a background video image, and methods of distorting a video image as described and claimed in the '791 Patent.

18. In accordance with Claim 1 of the '791 Patent, for example, the Accused Instrumentalities comprise a method of interacting with a video image.

19. The method performed by the Accused Instrumentalities includes the step of generating a first horizontal synchronization pulse train comprising a plurality of first pulses each having a first predetermined width.

20. The method performed by the Accused Instrumentalities includes the step of generating a second horizontal synchronization pulse train comprising a plurality of second pulses each having a second predetermined width different than the first predetermined width.

21. The method performed by the Accused Instrumentalities includes the step of selecting first and second horizontal pulses for each of a plurality of horizontal scan lines of the video image so as to alter the position of at least one horizontal scan line in the video image.

22. In accordance with Claim 2 of the '791 Patent, for example, the Accused Instrumentalities comprise an apparatus for inserting an overlay image onto a background video image.

23. The Accused Instrumentalities include video input means for receiving a video signal corresponding to a background video image.

24. The Accused Instrumentalities include synchronization means, coupled to the video input means, for generating synchronization signals from the background video signal.

25. The Accused Instrumentalities include viewer input means, comprising selection means for receiving an input command from a viewer to select an overlay image and position input means for receiving a position input from a viewer and generating a position signal to position an image on a display.

26. The Accused Instrumentalities include processor means, coupled to the operator input means, for receiving the input command and generating overlay image data.

27. The Accused Instrumentalities include first memory means, coupled to the processor means, for storing the overlay image data.

28. The Accused Instrumentalities include address generator means, coupled to the memory means, the processor means, and the synchronization means for selectively generating memory addresses for the memory means in response to the processor means and in synchronization with the synchronization means.

29. The Accused Instrumentalities include video output means, coupled to the memory means, for selectively reading the overlay image data from the memory means in synchronization with the synchronization means and merging the overlay image with the background video image.

30. Berman has been damaged by Defendant DIRECTV's and Defendant AT&T's infringing activities.

**SECOND CLAIM FOR RELIEF**
**(Infringement of the '665 Patent)**

31. Berman incorporates paragraphs 1 through 14 as though fully set forth herein.

32. Upon information and belief, Defendants DIRECTV and AT&T have directly infringed one or more claims of the '665 Patent by making, using, importing, offering for sale, and/or selling, within the United States, the Accused Instrumentalities in violation of 35 U.S.C. § 271(a).

33. More particularly, and without limitation, upon information and belief, Defendants DIRECTV and AT&T have directly infringed one or more claims of the '665 Patent by making, importing, using (including use for testing purposes), offering for sale, and/or selling the Accused Instrumentality, all in violation of 35 U.S.C. § 271(a). The Accused Instrumentalities also includes

one or more of the interactive television graphics apparatus, and the Accused Instrumentalities also comprises methods for inserting an overlay image onto a background video image as described and claimed in the '665 Patent.

34. In accordance with Claim 1 of the '665 Patent, for example, the Accused Instrumentalities comprise an interactive television graphics apparatus.

35. The Accused Instrumentalities include video input means for receiving a background video signal, the background video signal including at least one graphics control signal for performing one or more of the following functions: selecting a locally generated graphic image overlay component, positioning a graphic image overlay component, and defining a bit map of a graphic image overlay component.

36. The Accused Instrumentalities include memory means for storing at least one graphic image overlay component, including one or more of: a locally generated graphic image overlay component, and a bit map of a graphic image overlay component received from the video input means.

37. The Accused Instrumentalities include processor means, coupled to the video input means and the memory means for receiving the graphics control signals and generating a graphic image as an overlay over the background video in response to received graphics control signals, wherein the graphics control signals comprise signals for selecting a graphic image stored in the display means.

38. In accordance with Claim 11 of the '665 Patent, for example, the Accused Instrumentalities comprise a method for inserting an overlay image onto a background video image.

39. The method performed by the Accused Instrumentalities include the step of receiving a background video signal, the background video signal including at least one graphics control signal for performing one or more of the following functions: selecting a locally generated graphic image overlay component, positioning a graphic image overlay component, and defining a bit map of a graphic image overlay component.

40. The method performed by the Accused Instrumentalities include the step of storing at least one graphic image overlay component, including one or more of a locally generated graphic image overlay component and a received bit map of a graphic image overlay component.

41. The method performed by the Accused Instrumentalities include the step of generating a graphic image as an overlay over the background video in response to received graphics control signals.

42. The method performed by the Accused Instrumentalities include the step of generating synchronization signals from the background video signal.

43. The method performed by the Accused Instrumentalities include the step of receiving an input command from a user to select an overlay image.

44. The method performed by the Accused Instrumentalities include the step of generating overlay image data in response to the input command and storing the overlay image data in a first memory.

45. The method performed by the Accused Instrumentalities include the step of selectively generating memory addresses for the first memory in synchronization with the synchronization signals.

46. The method performed by the Accused Instrumentalities include the step of selectively reading the overlay image data from the first memory in synchronization with the synchronization signal and merging the overlay image with the background video image.

47. Berman has been damaged by Defendant DIRECTV's and Defendant AT&T's infringing activities.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Berman hereby demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Berman requests the following relief:

(a) A judgment in favor of Berman that Defendants have directly infringed one or more claims of the Asserted Patents;

(b) A judgment and order requiring Defendants to pay Berman damages adequate to compensate for infringement under 35 U.S.C. § 284, which damages may include lost profits but in no event shall be less than a reasonable royalty for its usage made of the inventions of the Asserted Patents, including pre- and post-judgment interest and costs, including expenses and disbursements;

(c) A judgment awarding Berman its costs as provided under FED. R. CIV. P. 54(d)(1);

(d) A judgment for pre- and post-judgment interest on all damages awarded;

(e) A judgment awarding Berman post-judgment royalties; and

(f) Any and all such further necessary or proper relief as this Court may deem just and equitable.

Dated:  February 10, 2016          Respectfully submitted,

**BIBBY, MCWILLIAMS & KEARNEY, PLLC**

*/s/Devon H. Decker*
Devon H. Decker
TXND Bar # 05706870
1916 Baldwin, Suite 250
Houston, Texas 77002
Tel: (713) 936-9620, ext. 113
Fax: (281) 644-0561
ddecker@bmkpllc.com
**ATTORNEYS FOR PLAINTIFF JOHN BERMAN**


**BUETHER JOE & CARPENTER, LLC**

*/s/Christopher M. Joe*
Christopher M. Joe
TXND Bar # 00787770
Chris.Joe@BJCIPLaw.com
Eric W. Buether
TXND Bar # 03316880
Eric.Buether@BJCIPLaw.com
Mark D. Perantie
State Bar No. 24053647
Mark.Perantie@BJCIPLaw.com
1700 Pacific Avenue, Suite 4750
Dallas, Texas 75201
Telephone: (214) 466-1271
Facsimile: (214) 635-1827

**ATTORNEYS FOR PLAINTIFF JOHN BERMAN**